**Kim BENNETT, Plaintiff–Appellant,**

**v.**

**K–MART CORPORATION; Super K–Mart, Defendants–Appellees.**

**No. 99–16951.**

**D.C. No. CV–97–00679–DWH.**

United States Court of Appeals, Ninth Circuit.

Argued Feb. 12, 2001.

Submission Deferred Feb. 12, 2001.

Submitted Feb. 20, 2001.

Decided May 21, 2001.

* The lawyer for appellant was not present in the courtroom, so the case was submitted on the briefs.

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM *

■ Bennett presented evidence that Weston tried to unzip her sweater one week and grabbed her breast the next. This conduct is sufficiently severe to support a finding of hostile work environment. *See Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). K–Mart may overcome the presumption of vicarious liability for Weston's harassment if it can prove that (i) it exercised reasonable care to prevent and promptly correct any harassing behavior, and (ii) Bennett unreasonably failed to take advantage of preventive or corrective opportunities it provided. *See Burlington*

*Indus. v. Ellerth,* 524 U.S. 742, 765, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998).

■ K–Mart's policy against harassment was a reasonable step toward preventing harassment: It was well-disseminated and conspicuously posted throughout the workplace, and it provided a procedure for registering complaints that promised no retaliation. *Cf. Faragher v. City of Boca Raton,* 524 U.S. 775, 808, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (employer could not have exercised reasonable care to prevent supervisors' harassing conduct where, inter alia, it failed entirely to disseminate its anti-harassment policy or provide a reasonable complaint procedure).

Bennett chose not to tell anyone about Weston's harassment except for Kendall, her co-worker. Kendall eventually reported what Bennett had told her to K–Mart. Upon receiving this information, as well as a separate complaint from another employee, K–Mart took prompt corrective action. It accepted the allegations against Weston as true, quickly convened a meeting between Weston and store management, and verbally admonished him that his job was in jeopardy. An oral rebuke may be an appropriate corrective measure in the first instance if, as here, the employer expresses strong disapproval, demands the unwelcome conduct cease, and threatens more severe disciplinary action in the event it does not. *See Star v. West,* 237 F.3d 1036, 1039 (9th Cir.2001). After K–Mart took this corrective measure, Weston's harassment of Bennett ceased.

A factor in our determination is Bennett's delay in reporting Weston's harassment until four months after it first began. *See Faragher,* 524 U.S. at 807–08, 118 S.Ct. 2275 ("[A]n unreasonable failure to use any complaint procedure provided by

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

the employer ... will normally suffice to satisfy the employer's burden under the second element of the defense."); *see also Montero v. Agco Corp.,* 192 F.3d 856, 863 (9th Cir.1999).

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.